OMAHA NATIONAL BANK, APPELLEE, V. H. B. GRAHAM, APPELLANT.

FILED OCTOBER 30, 1915.    No. 18310.

Pleading: AFFIRMATIVE DEFENSE: BURDEN OF PROOF. Where the answer admits the material allegations in the petition, and pleads an affirmative defense thereto, the burden is upon the defendant to establish such defense by a preponderance of the evidence.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Brome & Brome* and *Westerfield & Crossman*, for appellant.

*Stout, Rose & Wells*, contra.

FAWCETT, J.

This suit was instituted in the district court for Douglas county, to recover on a promissory note executed by defendant, and for the foreclosure and sale of certain stock in two corporations, pledged as collateral security for the payment of the note. The pledge was in writing and contained an express power of sale. The consideration for the note was a loan of money to the full sum named in the note. Plaintiff was granted the relief prayed. Defendant appeals.

The answer admits the execution of the note and delivery of the collateral, and then pleads an affirmative de-

Larson v. Central Nat. Fire Ins. Co.

fense, based upon transactions which defendant alleges he had with W. H. Bucholz, who at the beginning of the transactions was cashier, but later on became vice-president, and during all of the time was one of the directors and managing officers of plaintiff.

It would avail nothing to set out even the substance of the pleading, as defendant has failed to establish the facts alleged, by a preponderance of the evidence, the burden of doing which was upon him. This being the condition of the record, the question of the sufficiency of the facts alleged, if proved, to constitute a defense becomes immaterial. We concede that it is our duty to consider the case *de novo* and to reach an independent conclusion without reference to that reached by the trial court. This we have done, and, if the record were before us as an original case, we would be forced to the same conclusion as that reached by the trial court.

It follows that the judgment of the district court must be, and it is

AFFIRMED.

ROSE and HAMER, JJ., not sitting.